UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

              06 CV 7905
       Plaintiff,     (WHP)

              ANSWER WITH
  - against -        <u>COUNTERCLAIMS</u>

MANHATTAN-WESTCHESTER MEDICAL SERVICES,
P.C., a/k/a PARK AVENUE MEDICAL CENTER,
and DR. TURAN M. ITIL,

       Defendants.
------------------------------------------------------------------------X

  Defendants, by their attorneys, BERNFELD, DeMATTEO & BERNFELD, LLP, as and for their Answer to the Plaintiff's Complaint, allege as follows:

  1.  With respect to Paragraph 1 of the Complaint, respectfully refer the Court to the Complaint for its sum and substance and the nature of this action.  Decline to respond to the legal conclusions contained in Paragraph 1 and specifically deny that Plaintiffs have properly pleaded or stated any claims referred to therein. Further specifically deny that Plaintiff is entitled to any relief against the Defendants, including but not limited to the relief sought in the Complaint and referred to in Paragraph 1.  Otherwise, deny any factual allegations set forth therein.

  2.  With respect to Paragraph 2 of the Complaint, respectfully refer the Court to the Complaint for its sum and substance and the nature of this action.  Decline to respond to the legal conclusions contained in Paragraph 2 and specifically deny that Plaintiffs have properly pleaded or stated any claims referred to therein. Further specifically deny that Plaintiff is entitled to any relief against the Defendants, including but not limited to the relief sought in the Complaint and referred to in Paragraph 1.  Otherwise, deny any factual allegations set forth

therein

3. With respect to Paragraph 3 of the Complaint, decline to respond to the legal conclusions set forth therein, specifically deny that Plaintiff has properly stated a claim under the False Claims Act and deny any factual allegations contained therein.

4. With respect to Paragraph 4 of the Complaint, decline to respond to the legal conclusions set forth in ¶3, admit that Defendants are and/or were located in this District and deny any remaining factual allegations.

5. Admit Paragraph 5 of the Complaint.

6. With respect to Paragraph 6 of the Complaint, admit that the Defendant Manhattan-Westchester Medical Services, P.C., a/k/a Park Avenue Medical Center, is located at 41 Park Avenue, Suite 1H, New York, NY 10016-3400, and otherwise deny the allegations contained therein.

7. Admit Paragraph 7 of the Complaint, except deny that any services DR. ITIL performed constituted or were in conjunction with screenings of Medicare beneficiaries for Alzheimers disease.

8. Admit Paragraph 8 of the Complaint.

9. Admit Paragraph 9 of the Complaint.

10. Admit Paragraph 10 of the Complaint.

11. Upon information and belief, admit Paragraph 11 of the Complaint.

12. Upon information and belief, admit Paragraph 12 of the Complaint.

13. Admit Paragraph 13 of the Complaint.

14. Admit Paragraph 14 of the Complaint.

15. With respect to Paragraph 15, decline to respond to any legal conclusions set forth therein and respectfully refer the Court to the applicable statutes and regulations for their terms, conditions and coverage under the Medicare program.

16. With respect to Paragraph 16, decline to respond to any legal conclusions set forth therein and respectfully refer the Court to the applicable statutes and regulations for their meaning.  Additionally, Defendants deny any factual allegations contained therein concerning EEG and QEEG to the extent that said allegations are intended to allege that Defendants performed such services as "screening" for Alzheimer's disease within the meaning of the Medicare regulations.

17. Deny Paragraph 17 of the Complaint.

18. Deny Paragraph 18 of the Complaint.

19. Deny Paragraph 19 of the Complaint.

20. Deny Paragraph 20 of the Complaint.

21. With respect to Paragraph 21 of the Complaint, admit that MANHATTAN-WESTCHESTER MEDICAL SERVICES, P.C., a/k/a PARK AVENUE MEDICAL CENTER (the "Corporate Defendant"), submitted certain claims for payment to the Medicare intermediary and was properly paid for those claims from January 15, 2003 through August, 2005, and that for the period subsequent to August 5, 2005, no payments were made on various additional claims submitted by said corporate Defendant, although such claims were properly reimbursable and should have been paid.

22. Deny Paragraph 22 of the Complaint.

23. With respect to Paragraph 23, the Complaint fails to identify with any specificity

or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond.  Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint.  To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 23.

24. With respect to Paragraph 24, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond.  Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint.  To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 24.

25. With respect to Paragraph 25, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond.  Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint.  To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 25.

26. With respect to Paragraph 26, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond.  Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint.  To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 26.

27. With respect to Paragraph 27, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to

these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 27.

28. With respect to Paragraph 28, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 28.

29. With respect to Paragraph 29, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 29.

30. With respect to Paragraph 30, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 30.

31. With respect to Paragraph 31, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 31.

32. With respect to Paragraph 32, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 32.

33. With respect to Paragraph 33, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 33.

34. With respect to Paragraph 34, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 34.

35. With respect to Paragraph 35, the Complaint fails to identify with any specificity or precision the Medicare beneficiary referred to and, as a result, Defendants cannot properly respond. Defendants therefore deny knowledge or information sufficient to form a response to these allegations as pled in the Complaint. To the extent that it is alleged that Defendants did anything improper, illegal or misleading Defendants deny the allegations in Paragraph 35.

36. Deny Paragraph 36 of the Complaint.

37. Deny Paragraph 37 of the Complaint.

38. Deny Paragraph 38 of the Complaint.

39. Deny Paragraph 39 of the Complaint.

40. With respect to Paragraph 40 of the Complaint, deny that Plaintiff did not know "the true facts concerning the medical condition of the beneficiaries" and deny knowledge or information sufficient to admit or deny what Plaintiff may or may not have done under other unspecified circumstances.

41. With respect to Paragraph 41 of the Complaint, Defendants repeat their responses to Paragraphs 1 through 40 above as if fully set forth herein.

42. With respect to Paragraph 42 of the Complaint, respectfully refer the Court to the Complaint for its sum and substance and the nature of this action. Decline to respond to the legal conclusions contained in Paragraph 42 and specifically deny that Plaintiffs have properly pleaded or stated any claims referred to therein. Further specifically deny that Plaintiff is entitled to any relief against the Defendants, including but not limited to the relief sought in the Complaint and referred to in Paragraph 42. Otherwise, deny any factual allegations set forth therein.

43. Deny Paragraph 43 of the Complaint.

44. Deny Paragraph 44 of the Complaint.

45. Deny Paragraph 45 of the Complaint.

46. With respect to Paragraph 46 of the Complaint, Defendants repeat their responses to Paragraphs 1 through 40 above as if fully set forth herein.

47. With respect to Paragraph 47 of the Complaint, respectfully refer the Court to the Complaint for its sum and substance and the nature of this action. Decline to respond to the

legal conclusions contained in Paragraph 47 and specifically deny that Plaintiffs have properly pleaded or stated any claims referred to therein. Further specifically deny that Plaintiff is entitled to any relief against the Defendants, including but not limited to the relief sought in the Complaint and referred to in Paragraph 47.  Otherwise, deny any factual allegations set forth therein.

48. Deny Paragraph 48 of the Complaint.

49. Deny Paragraph 49 of the Complaint.

50. Deny Paragraph 50 of the Complaint.

51. With respect to Paragraph 51 of the Complaint, Defendants repeat their responses to Paragraphs 1 through 40 above as if fully set forth herein.

52. Deny Paragraph 52 of the Complaint.

53. Deny Paragraph 53 of the Complaint.

54. Deny Paragraph 54 of the Complaint.

55. Deny Paragraph 55 of the Complaint.

56. With respect to Paragraph 56 of the Complaint, Defendants repeat their responses to Paragraphs 1 through 40 above as if fully set forth herein.

57. Deny Paragraph 57 of the Complaint.

58. With respect to Paragraph 58 of the Complaint, Defendants repeat their responses to Paragraphs 1 through 40 above as if fully set forth herein.

59. With respect to Paragraph 59 of the Complaint, respectfully refer the Court to the Complaint for its sum and substance and the nature of this action.  Decline to respond to the legal conclusions contained in Paragraph 59 and specifically deny that Plaintiffs have properly

pleaded or stated any claims referred to therein. Further specifically deny that Plaintiff is entitled to any relief against the Defendants, including but not limited to the relief sought in the Complaint and referred to in Paragraph 59. Otherwise, deny any factual allegations set forth therein.

60. With respect to Paragraph 60 of the Complaint, deny knowledge or information sufficient to form a belief concerning what Plaintiff and/or its representatives believed concerning the Defendants' entitlement to receive payments, deny that any payments to the Defendants were erroneous or by mistake or not authorized, and affirmatively allege that all claims and payments were proper.

61. Deny Paragraph 61 of the Complaint.

62. Deny Paragraph 62 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants assert that they bear the burden of proof with respect to the following affirmative defenses only as set forth in and to the extent required under Fed. R. Civ. P. 8(c). Without assuming any part of the burden of proof with respect to any matter in which Plaintiff bears such burden and without waiving or relieving Plaintiff of any portion of such burden, Defendants assert the following affirmative defenses:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

63. Plaintiffs' claims, in whole and/or in part fail to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

64. To the extent that any of Plaintiffs' claims are based, in whole and/or in part,

9

upon fraud, Plaintiffs have failed to plead such claims as they pertain to the Defendants with the requisite particularity required under Fed. R. Civ. P. 9(b) and other applicable law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

65. The claims submitted to Empire Medicare Services as agent for Medicare, as well as the underlying medical and related records of the patients, confirm that none of the billings by Defendants were for "screening" for Alzheimers' disease. To the contrary, the documents confirm that the services for which bills were submitted were for non-screening medical services and procedures, all concededly performed and all properly reimbursable under the Medicare program.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

66. As alleged in the Complaint, the billings to Medicare which are the subject of the Complaint, commenced in January, 2003 and continued through August, 2005.

67. In 2003, Empire Medicare Services ("Empire", or "the Fiscal Intermediary"), requested documentary and supporting material in connection with certain Medicare claims which had been submitted by the Corporate Defendant, which Defendants promptly provided.

68. After receiving the requested supporting documents, Empire: (a) took no steps to disapprove any of the Audited claims and (b) then continued for approximately two (2) additional years, to receive, process, approve and pay all further Medicare claims submitted by the Corporate Defendant for these services.

69. Based on Empire's conduct in receiving, processing, approving and paying all of further claims submitted by the corporate Defendant, Defendants understood and reasonably believed that the Medicare bills submitted to Empire were proper and reimbursable by Medicare

in all respects.

70. There is no claim that any of the services or procedures for which claims were submitted to Empire were not, in fact, performed. To the contrary, all services and procedures for which bills were submitted were actually performed as set forth in the claims, and confirmed in the medical records and related documentation.

71. Defendants reasonably relied on the fact that Empire had reviewed and apparently approved the billings at issue to Medicare, as evidenced by Empires continued receipt, processing and paying of further claims submitted by the corporate Defendant.

72. Defendants would not have continued to submit Medicare claims to Empire for these services but for the fact that Empire had apparently approved such claims as proper, as evidenced by the fact that Empire received, processed, approved and paid claims submitted by the corporate Defendant for these services.

73. In that regard, in August, 2005, when Empire ceased to approve and pay such claims, Defendants ceased submitting further claims.

74. By reason of the foregoing, Plaintiff may not equitably assert that Defendants knowingly submitted false or fraudulent billings which were not properly reimbursable by Medicare. To the contrary, by reason of Empire's conduct, acting on behalf of Plaintiff, and other reasons, the Plaintiff should be precluded and estopped from asserting that Defendants knowingly submitted any false or fraudulent claims.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

75. Plaintiffs' claims are barred, in whole and/or in part, by equitable doctrines and

considerations, including but limited to, the doctrines of laches and unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

76. Plaintiffs' claims are barred, in whole and/or in part, because all Medicare claims submitted to Plaintiff and/or its agent which are the subject of this case were properly reimbursable under the applicable Medicare regulations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

77. Plaintiffs' claims are barred, in whole and/or in part, by the applicable statutes of limitation.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

78. Plaintiffs' claims are barred, in whole and/or in part, by the doctrine of setoff.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

79. All of the Medicare payments werereceived by the Corporate Defendant.

80. All Defendants strenuously deny that any of said billings were improper or fraudulent. Assuming *arguendo*, however, that for some reason any portion of the payments is required to be repaid to Medicare, the obligation to do so would rest solely with the Corporate Defendant, not with the individual Defendant, who neither submitted any claims nor received any payments.

81. By reason of the foregoing, the Complaint against the individual Defendant, DR. TURAN M. ITIL, must be dismissed.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

82. Although the Complaint seeks damages literally in the millions of dollars, the

Complaint actually includes literally only four claims, totaling approximately $2,000 (one for $558.52, a second for $857.13, a third for $131.93, and the last for $558.52).

83. Upon information and belief, at the time the Complaint was filed, Plaintiff had, in fact, reviewed only those four claims, and had not reviewed what Plaintiff alleges were the "hundreds of other instances" for which, nevertheless, Plaintiff seeks to recoup and recover.

84. Moreover, prior to the commencement of this action, Plaintiff, through its representatives, was specifically advised of the actual facts concerning these claims, including the following:

    a. None of the billings were for Alzheimers' disease screening. To the extent that screening took place, Medicare was not billed for such screening.

    b. The billings to Medicare were for non-screening medical services and procedures. Primarily, those services were performed for and on behalf of individuals who had independently manifested indications of cognitive dysfunction, including indications of early Alzheimers disease.

    c. The procedures for which bills were submitted to Medicare were generally designed to rule out other organic, neurological or psychological explanations for the cognitive dysfunction that the patient had manifested. This is both medically prudent and a reasonable and necessary procedure for which Medicare acknowledges the provider is entitled to be paid in accordance with the Medicare payment schedules.

    d. In short, Plaintiff was advised in advance of the filing of the Complaint that its factual premise was false, i.e., there was no billing or payment for Alzheimers' Disease

"screenings".

85.     Upon information and belief, the instant Complaint was nevertheless thereafter filed, without any further reasonable inquiry into the facts as set forth above.

86.     Under the Federal Rules of Civil Practice, before an action is properly commenced, a Plaintiff must conduct a reasonable inquiry into the facts alleged.  This rule is of even greater force and effect when, as here, the core allegations involve claims of fraud.

87.     By reason of the foregoing, the Complaint should be dismissed with a direction to Plaintiff that no other or further Complaint be filed unless and until the requisite "reasonable inquiry" into the facts is conducted.

## FIRST COUNTER CLAIM

88.     During the period January 2003 through August 2005, the Corporate Defendant was an approved  Medicare provider pursuant to a valid Medicare provider agreement.

89.     During that period, the Corporate Defendant performed various Medical services and procedures for Medicare recipients for which it was entitled to be paid in accordance with the appropriate Medicare payment schedule.

90.     As alleged in the Complaint, Empire Medicare Services ("Empire") acted as Plaintiff's agent for, *inter alia*, processing, approval, denial, audit and payment with respect to the Medicare claims that are the subject of the claims and counterclaims in this case.

91.     During the period January 2003 though August 2005, the Corporate Defendant submitted Medicare reimbursement claims to Medicare for which the Corporate Defendant was entitled to be paid and reimbursed by Medicare.

92. Plaintiff, through its agent Empire has wrongfully rejected and failed to pay the Corporate Defendant with respect to in excess of $500,000 of Medicare claims.

93. By reason of the foregoing, the Corporate Defendant is entitled to be reimbursed and paid with respect to said Medicare claims in an amount to be determined at trial but not less than $500,000.

## SECOND COUNTERCLAIM

94. Defendants repeat and reallege all of the allegations set forth in paragraphs 89 thorugh 93 as if full set forth herein in their entirety.

95. Commencing in or about January 2003 and continuing through approximately August 2005, the Corporate Defendant submitted Medicare reimbursement claims to Plaintiff's agent Empire, which Empire reviewed, approved and paid.

96. During 2003, Empire audited several of the Corporate Defendant's previously paid claims. This audit included review of the patients' medical records. Following this audit Empire: (a) made no effort to disallow such claims or to seek to recoup the earlier payments, and (b) continued to receive, process, approve and pay all further claims submitted by the Corporate Defendant. These are the same claims that Plaintiff now asserts are "fraudulent" based upon the patients' medical records.

97. As a result, the Corporate Defendant understood and reasonably believed that the services it was performing qualified for reimbursement under the applicable Medicare reimbursement regulations, practices and policies.

98. The Corporate Defendant would not have continued to perform the services in

question and /or submit the Medicare reimbursement claims to Empire for payment but for the fact that Empire's conduct led the Corporate Defendant to understand and believe that such services properly qualified for reimbursement under the Medicare program and that the Corporate Defendant was properly submitting Medicare reimbursement claims to Empire for such services.

99. By reason of the foregoing, the Corporate Defendant is entitled to: (a) retain the Medicare payments previously made by Empire on behalf of Medicare and (b) be paid for the outstanding unpaid Medicare reimbursement claims it has heretofore submitted for approval and payment.

## THIRD COUNTERCLAIM

100. Defendants repeat and reallege all of the allegations set forth in paragraphs 89 through 93 as if full set forth herein in their entirety.

101. Beginning in late 2002 and thereafter, the Corporate Defendant invested substantial capital and incurred substantial expenses in connection with providing services to Medicare recipients in reliance on its understanding and belief that it would be reimbursed by Medicare for the services it performed pursuant to the Medicare program.

102. After approving and paying the Corporate Defendant for a period approximately two years for the Medicare reimbursement claims it received from the Corporate Defendant , in or around August, 2005, Empire suddenly and improperly ceased to approve or pay any of such Medicare claims from the Corporate Defendant.

103. Plaintiff, through its agent Empire, knew or reasonably should have known that if

it ceased to approve or pay the Corporate Defendant's Medicare reimbursement claims, it would impair the ability of the Corporate Defendant to continue its professional activities on behalf of its Medicare recipient population and that it would be forced to cease its business and professional operations.

104.    The Corporate Defendant was forced to cease its business and professional operations and by reason thereof, the Corporate Defendant has suffered substantial losses.

105.    By reason of the foregoing, the Corporate Defendant is entitled to recover the substantial losses it suffered the precise amount thereof to be determined at trial.

WHEREFORE, Defendants demand judgment as follows: (a) dismissing the Complaint with prejudice; (b) granting the relief sought in each of the counterclaims; (c) together with the costs and disbursements of this litigation including attorney's fees; and (d) such other and further relief in favor of the Defendants as this Court deems just and proper.

Dated: New York, New York
       January 8, 2007

>                    BERNFELD, DEMATTEO & BERNFELD, LLP
>
>                    By:_____
>                         JEFFREY L. BERNFELD (JLB-1615)
>                    600 THIRD AVENUE, 15TH FLOOR
>                    NEW YORK, NEW YORK 10016
>                    (212) 661-1661